IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT A. LEVY and**
**PHYLLIS B. LEVY,**

    **Plaintiffs,**

    vs.                                              No. CIV 98-578 LH/WWD

**SWIFT TRANSPORTATION**
**COMPANY, INC. (Sparks, Nevada);**
**SWIFT TRANSPORTATION**
**COMPANY, INC. (Phoenix, Arizona);**
**JERRY C. MOYES, KEITH DALE**
**NICHOLS, EDDIE LEE TIGGS, UNITED**
**STATES OF AMERICA, and its agency,**
**the CENTRAL INTELLIGENCE**
**AGENCY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the Motion to Dismiss filed by the United States (Docket No. 21), and the Motion to Dismiss filed by Defendant Tiggs, (Docket No. 4). The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that both motions are well taken, should be **granted** and that this case must be **dismissed in its entirety.**

1

**I. Procedural and Factual Background**

This case represents the Plaintiffs' second attempt to file a lawsuit regarding the same subject matter. This second attempt differs from the first primarily because of the addition of the United States and its agency, the Central Intelligence Agency (CIA), as parties. The first lawsuit was filed in this district court in 1997 and was assigned to the Hon. Santiago Campos. In an attempt to cure their jurisdictional defects in that case, the Plaintiffs sought leave from Judge Campos to amend their Complaint to include the United States as a Defendant. *Id.* at 8. Judge Campos ruled that the Plaintiffs' proposed claims against the United States "could not survive either a motion to dismiss or a motion for summary judgment" and therefore this amendment of the Complaint "would be futile." *Id*. at 11. Judge Campos dismissed the case without prejudice. *See Levy v. Swift Transportation Company, Inc.*, *et al.*, No. 97CV777 (D.N.M. April 28, 1998)(dismissing the prior lawsuit for lack of subject matter jurisdiction because the Plaintiffs had joined a non-diverse defendant.)

In the instant lawsuit, Plaintiffs initially filed "Plaintiffs' Original Complaint" (Docket No. 1). A week later, without leave of Court, Plaintiffs filed their "First Amended Complaint". This second complaint, although it contains more conspiracy allegations, is otherwise substantially the same as the proposed complaint that Judge Campos refused to allow Plaintiffs to file in the previous lawsuit. Although it is not properly before the Court, in an attempt to treat these *pro se* litigants liberally, I will analyze the First Amended Complaint.

This Complaint, by its own terms, is for damages suffered by Plaintiffs "in a motor vehicle collision in Grant County, New Mexico, on July 20, 1994, and for other personal injuries and property damage arising out of a conspiracy beginning in 1961 and continuing to the present time". Plaintiffs' First Amended Complaint at ¶3. The accident involved the Plaintiffs, Defendant Nichols

(an employee of Defendant Swift) and Defendant Tiggs (another driver). According to Plaintiffs' Complaint, the accident ties all of the Defendants together because the accident was staged and was the result of a conspiracy among all of the named Defendants, including the United States and the CIA. (Plaintiffs' First Amended Complaint ¶ 34).

Counts I-IV and VII of the Complaint make allegations against the non-federal defendants only. Count I is for negligence and is directed against the Swift Defendants and Defendant Nichols. Count II alleges negligent entrustment and is directed toward Defendants Swift and Moyes. Count III is for gross negligence and is directed against Defendants Swift, Moyes and Nichols, as is Count IV, a claim for intentional assault and battery. Count VII is a claim for bad faith and is alleged against Defendants Swift and Moyes.

Counts V and VI are for conspiracy and are directed toward both federal and non-federal defendants, as is Count VIII, a claim for spoliation of evidence.

## II. Motion to Dismiss of the United States

The United States argues that Plaintiffs' claims against it and those against the CIA must be dismissed. As set forth above, only Counts V, VI and VIII are directed against the federal defendants; only these claims will be analyzed by the Court at this juncture.

### A. The CIA is Not a Proper Defendant Under the Federal Tort Claims Act

The Government first argues that the CIA is not a proper defendant. Plaintiffs, in their Complaint, assert that this Court has jurisdiction over the United States and its agency the CIA pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). (Plaintiffs' First Amended Complaint ¶ 12). The FTCA waives sovereign immunity for tort claims against the United States for

3

money damages for "injury or loss of property" *Id*. However, agencies of the United States are not proper defendants in actions brought under the FTCA. *See Aviles v. Lutz*, 887 F.2d 1046, 1048 (10th Cir. 1989). The statutory language of section 1346(b) is an explicit waiver of sovereign immunity for suits against the United States only. *See Aviles*, 887 F.2d at 1048. Furthermore, section 2679(a) of Title 28 explains that any authority a federal agency may possess to sue and be sued "should not be construed to authorize suits against such agency on claims which are cognizable under section 1346(b)." 28 U.S.C. § 2679(a). For these reasons, Plaintiffs' claims against the Central Intelligence Agency are **dismissed** for lack of subject matter jurisdiction.[1]

### B. Plaintiffs' Claim Contained in Count V is Time Barred

As set forth in 28 U.S.C. §2401(b), a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency <u>within two years</u> after such claim accrues. *See also* 28 U.S.C. §2675(a). The timely filing of an administrative claim is a jurisdictional requirement. In determining whether an action has been filed within the two-year statute, the threshold inquiry is when the cause of action accrued and federal law, not state law, controls that issue. *Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993). The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury that is the basis of his action. *See United States v. Kubrick*, 444 U.S. 111, 122 (1979).

The Federal Tort Claims Act requires any person having a tort claim against the United States to present the claim to the appropriate federal agency and await a final denial before initiating court

---

[1] Plaintiffs have conceded in their Response to the United States' Motion to Dismiss that the CIA may in fact be an improper party defendant.

proceedings. 28 U.S.C. § 2675(a). The failure of an agency to act on a claim within six months of its submission is deemed a final denial. *Id*. The administrative claim must be submitted within two years after it accrues, and court proceedings must be instituted within six months of final agency action, or be forever barred. 28 U.S.C. §2401(b).

I have carefully reviewed the allegations of Plaintiffs' Complaint. Count V of Plaintiffs' First Amended Complaint alleges that "[S]ometime prior to the vehicular collision on July 20, 1994," all named defendants conspired to inflict personal injury and property damage on Plaintiffs. ¶34.[2] Count V goes on to state that in furtherance of this conspiracy and to effectuate its objective, the Defendants conspired to stage the referenced vehicular collision, taking certain enunciated steps as set forth in Paragraphs 35 and 36 of the Complaint, on the day of the accident. In Paragraph 37 of the Complaint, Plaintiffs allege that in July 1995 they discovered that the Missouri-Nebraska Express (MNX) trucking company was a reputed illegal drug hauler for the CIA. They allege that the evidence will show that the July 20, 1994 "attack" on them was a negotiated condition for the acquisition of the assets of MNX by the Swift Defendants, which acquisition was consummated in the summer of 1994.

The allegations are confusing and difficult to understand, at best. I have taken great care to try to flesh out what the Plaintiffs are alleging. As I read the Complaint, all alleged conspiratorial actions contained in Count V occurred in the summer of 1994, at the latest. Count V contains no allegations of fact tending to show agreement and concerted action at any time after the date of the accident. *See Crosswhite v. Brown*, 424 F.2d 495, 496-97 (10th Cir. 1970)(Statute of limitations

---

[2] Plaintiffs indicated in the Plaintiffs' Response to Motion to Dismiss by Defendant United States of America (Docket No. 30) that the conspiracy claims they assert are common law torts under the law of the State of New Mexico.

5

begins to run no later than the date of the last overt act allegedly committed in furtherance of the conspiracy. Court held that a civil conspiracy claim was untimely).

Plaintiffs contend that they filed a claim against the United States under the FTCA on May 22, 1997 by serving claims on the CIA. Even assuming that such a notice were valid and received by the CIA, which is expressly denied, any purported tort claims against the United States arising out of the 1994 accident are futile because they were not served on the CIA within two years of the occurrence of the accident as required by statute. 28 U.S.C. § 2401(b). The requirements of the FTCA, including the two-year time limit, are jurisdictional, must be strictly construed, and cannot be waived. *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

Another shortfall found in Count V is that Plaintiffs make only conclusory allegations of conspiracy with no facts pleaded to show the necessary agreement and concerted action. This is inadequate to state a claim for conspiracy. *See Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 300 (Ct. App. 1978) (*citations omitted*). *See also Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (In a § 1983 action conclusory allegations were "insufficient to demonstrate any conspiratorial nexus").

Plaintiffs argue that their claims against the United States involve fraudulent concealment by the CIA of its involvement in the conspiracy that culminated in the 1994 accident. Plaintiffs have alleged with particularity no facts of affirmative conduct by the CIA to conceal its involvement in the alleged conspiracy. *See King & King Enterprises v. Champlin Petroleum Co*., 657 F.2d 1147, 1154 (10th Cir. 1981). Furthermore, for a statute of limitation to be equitably tolled on grounds of fraudulent concealment, a party must show: (1) use of fraudulent means by the party who raises the ban of the statute; (2) successful concealment from the injured party; (3) that the party claiming

6

fraudulent concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action. *Id*. Plaintiffs have a burden to show that despite due diligence, some affirmative act prevented their discovery. *Id*. This has not been shown.

Plaintiffs did not file their claim with the CIA in a timely manner nor have they met any of the standards of pleading required to toll the statute of limitations. They have not even sufficiently stated a cause of action for conspiracy. For these reasons, Count V, insofar as it contains claims against the United States, shall be **dismissed**.

### C. Count VI Does not Adequately State a Claim and Must be Dismissed

Count VI contains approximately six pages of stream of consciousness allegations about an alleged continuing conspiracy against Plaintiffs beginning in 1961 and continuing to the present time involving operatives of the CIA, its employees, agents, and contractors, as well as unspecified law enforcement officers of the United States and of the states and municipalities. (Plaintiff's First Amended Complaint ¶ 40).

More specifically, Count VI contains allegations that the CIA engaged in a campaign of eavesdropping, wiretapping, mail interception, personal surveillance, mail cover, a mind control program on Plaintiffs' children and a conspiracy with a court reporter to produce a false and misleading court transcript. Plaintiffs allege that the CIA has broken in to their property and damaged and burglarized their personal property. They allege certain tortious activity by a Mr. Layman, allegedly done at the behest of the CIA, in furtherance of this amorphous conspiracy. They allege unspecified assaults, make vague reference to a violation of their daughter's civil rights in April 1987, and interference with Plaintiff Robert Levy's employment since 1969. They allege actions by the CIA to prevent Plaintiffs from obtaining their files under the Freedom of Information Act in 1977.

Plaintiffs again allege that Defendants planned the July 20, 1994 collision and subsequently conspired with the news media to prevent publication of an account of the accident. They allege that the CIA conspired with Defendants and others to destroy evidence of the accident, to submit fraudulent affidavits in the case previously in front of District Judge Campos, to prevent Plaintiffs from getting adequate legal representation to pursue the instant action, to prevent investigation of the criminal nature of the accident, and to deny information to Plaintiffs when they made requests under the Freedom of Information Act in October of 1996.

In sum, these diverse allegations are that the United States, through its agency, the CIA, conspired to inflict personal injury and property damage on Plaintiffs. While Plaintiffs do not specify in their Complaint any statutory or common law basis for this conspiracy theory, they state in their Response Brief that it is asserted under the Federal Tort Claims Act and is a common law tort under the law of the State of New Mexico.

Under New Mexico law, to constitute an actionable civil conspiracy, there must be a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 300 (Ct. App. 1978) (*citations omitted*). Civil conspiracy is not of itself actionable; the gist of the action is the damage arising from the acts done pursuant to the conspiracy. *Id.* Generally, to state a cause of action for conspiracy, the complaint must allege: (1) the existence of the conspiracy; (2) the wrongful act or acts done pursuant to the conspiracy; (3) the damage resulting from such act or acts. *Silva v. Town of Springer, et al.,* 121 N.M. 428, 434 (Ct. App. 1996). The existence of the conspiracy must be plead either by direct allegations or by allegations of circumstances from which a conclusion of the existence of a conspiracy may be reasonably inferred.

*Id.*

I have read the six pages of confusing allegations many times; these allegations are largely the same as those that Judge Campos found to be without merit. I am unable to discern what damage allegedly occurred as the result of this supposed conspiracy between the CIA and others. In a civil action for conspiracy, the basis for relief is not the conspiracy but the damages caused by acts committed pursuant to the conspiracy. *Armijo v. National Surety Corp*, 58 N.M. 166 (1954), *cited in Lindbeck v. Bendziunas*, 84 N.M. 21, 27 (Ct. App. 1972). Plaintiffs seek punitive but not compensatory damages of any kind in this count, a fact that further reinforces the notion that they have suffered no actual damages as a consequence of the alleged conspiracies. I conclude that these rambling, unrelated statements are insufficient to state a claim for a continuing conspiracy against the United States. This claim shall be **dismissed.**

### III. Defendant Tiggs' Motion to Dismiss

All claims against the CIA and the United States shall be dismissed as stated above. This includes allegations against these parties contained in Counts V, VI and VIII. It is now incumbent on this Court to determine whether this Court possesses subject matter jurisdiction, absent the federal defendants.

The posture of this case is now identical to the posture of the case when Judge Campos dismissed it for lack of subject matter jurisdiction in April 1998. The remaining parties at this juncture are the Plaintiffs (Texas), Defendant Tiggs (Texas), Defendant Moyes (Arizona), Defendant Nichols (Arizona) and Defendant Swift Transportation (incorporated in Nevada with principal place of business in Arizona). Complete diversity is lacking because of the presence of Defendant Tiggs

who is a Texas citizen, as are Plaintiffs. Defendant Tiggs argues that the case be dismissed for lack of subject matter jurisdiction based on the lack of diversity.

Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332; *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 829 (1989) (diversity statute must be met for each defendant). The presence of Defendant Tiggs as a defendant from the same state as the Plaintiffs defeats diversity. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (Diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff).

As stated above, the federal defendants have been dismissed as to all claims directed against them. Consequently this Court has no federal question jurisdiction. Having concluded that complete diversity does not exist, the Court is without a source of jurisdiction over the remaining non-federal defendants and consequently must dismiss all counts directed against them due to a lack of subject matter jurisdiction.[3]

**WHEREFORE,** for the above-stated reasons, this case is **dismissed**. Specifically, the Central Intelligence Agency is dismissed as being an improper party. Count V is dismissed as to all named parties because it is time barred. Count VI is dismissed as to all parties due to its failure to adequately state a claim. Count VIII is dismissed against the CIA, an improper party. These three counts are the only ones possibly implicating the federal defendants. Given the dismissal of all possible claims against federal defendants, there can be no federal question jurisdiction. Because Plaintiffs have sued a non-diverse non-federal defendant (Defendant Tiggs), there can be no diversity

---

[3] Count VIII, Spoilation of Evidence, is asserted against the non-federal defendants and against the CIA only. I have already concluded that the CIA is an improper party and there is no diversity jurisdiction over the non-federal defendants. Given these jurisdictional defects, Count VIII must also be **dismissed** as to all parties.

jurisdiction. Having no subject matter jurisdiction, it is the conclusion of the Court that this case must be **dismissed**. Pursuant to the Order filed simultaneously with this Memorandum Opinion and Order, Plaintiffs are prohibited from filing any further proceedings against these Defendants relating to the same subject matter in this district court.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**