IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT A. LEVY and**
**PHYLLIS B. LEVY,**

      **Plaintiffs,**
      **vs.**                                                  **No. CIV 97-758 LH/DJS**
**SWIFT TRANSPORTATION**
**COMPANY, INC. (Sparks, Nevada);**
**SWIFT TRANSPORTATION**
**COMPANY, INC. (Phoenix, Arizona);**
**JERRY C. MOYES, KEITH DALE**
**NICHOLS, EDDIE LEE TIGGS, UNITED**
**STATES OF AMERICA, and its agency,**
**the CENTRAL INTELLIGENCE**
**AGENCY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court *sue sponte* and concerns an abuse of process by Plaintiffs that warrants filing restrictions as to future filings that may be made in the United States District Court for the District of New Mexico relating to the subject matter of this case. It appears that Plaintiffs' claims alleged in the instant lawsuit against the United States were previously submitted to the Honorable Santiago Campos in the form of a proposed amended

1

complaint, and that Judge Campos held that such an amendment would not be allowed. *See Levy v. Swift Transportation Company, Inc., et al.,* No. 97CV0777 (D.N.M. April 28, 1998). Specifically, Judge Campos denied Plaintiffs leave to file an amended complaint because he concluded that such a complaint could not survive either a motion to dismiss or a motion for summary judgment, and that such an amendment would be futile. To circumvent this ruling, Plaintiffs simply filed substantially the same complaint under a new docket number. Such frivolous and vexatious tactics will not be countenanced by this Court. The time and efforts of two district courts have now been taken to evaluate the same basic claims and both judges have found Plaintiffs' claims to be deficient.

Such action by the Plaintiffs is an abuse of process and warrants filing restrictions as to future filings that could be made in the United States District Court for the District of New Mexico relating to the subject matter of this case. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). This is warranted, given the frivolous and vexatious nature of the pleadings in this case, regarding the same subject matter and many of the same defendants as were present in the case before Judge Campos. *See Judd v. University of New Mexico, et al.*, 149 F.3d 1190 (10th Cir. 1998)(unpublished disposition). Accordingly, these Plaintiffs are hereby barred from filing any further cases in this district court, if they are against named Defendants in this case and relating to the subject matter of this case. The Clerk of the Court shall return any such filings, unfiled, to Plaintiffs.

Consistent with the *Tripati* case, Plaintiffs shall have ten days from the date of this Memorandum Opinion and Order to file written objections, limited to fifteen pages, to these proposed sanctions. If Plaintiffs do not file objections, the sanctions shall take effect twenty days

2

from the date of entry of this order. If Plaintiffs do file timely objections, these sanctions shall not take effect, if at all, until after this Court has ruled on their objections.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**