IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT A. LEVY and
PHYLLIS B. LEVY,

      Plaintiffs,

  vs.                              No. CIV 98-578 LH/WWD

SWIFT TRANSPORTATION
COMPANY, INC. (Sparks, Nevada);
SWIFT TRANSPORTATION
COMPANY, INC. (Phoenix, Arizona);
JERRY C. MOYES, KEITH DALE
NICHOLS, EDDIE LEE TIGGS, UNITED
STATES OF AMERICA, and its agency,
the CENTRAL INTELLIGENCE
AGENCY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiffs' Rule 59 Motion to Alter or Amend Judgment (Docket No. 44). The Final Judgment in this matter was filed on December 30, 1998 and Plaintiffs filed the aforesaid motion On January 11, 1999. The Court, having reviewed Plaintiffs' objections and the Defendants' responses thereto, finds Plaintiffs' arguments to be without merit. Accordingly, the Plaintiffs' Rule 59 Motion to Alter or Amend Judgment shall be **denied.**

**Discussion**

Rule 59 requires that motions such as this be filed, not served within 10 days, following entry of judgment. *Schudel v. General Elec. Co.,*, 120 F.3d 991 (9th Cir. 1997). No extensions may be allowed to this 10 day rule. *See* Rule FED.R.CIV.P. 6(b). Because Rule 59(e) requires filing (not service) no later than 10 days after entry of judgment, the 3-day service-by-mail extension under Rule 6(e) does not apply. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 870-71 (3rd Cir. 1994).

Because the motion was filed late, I will evaluate this motion under Rule 60(b). *See United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). As noted in *Hatfield v. Board of County Commissioners for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), if a motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under FED.R.CIV.P. 59(e). Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under FED.R.CIV.P. 60(b).

Rule 60(b) provides relief to a party from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiffs assert four grounds for alteration or amendment of the judgment. First, because they

2

wish to have additional time in which to bring an action in state district court. Second, because they seek another opportunity to file an amended complaint. Third, they re-argue the issue of jurisdiction over the non-federal defendants, and, finally because they want to ensure that this Court's judgment does not prejudice their claims under New Mexico law in state court.

Having read the briefs of Plaintiffs, the Court concludes that none of their stated reasons qualifies for relief under Rule 60(b). Accordingly, their motion shall be **denied.**

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Rule 59 Motion to Alter or Amend Judgment (Docket No. 44) is hereby **denied.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**