IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT A. LEVY and
PHYLLIS B. LEVY,

      **Plaintiffs,**

  vs.                                            No. CIV 98-578 LH/WWD

SWIFT TRANSPORTATION
COMPANY, INC. (Sparks, Nevada);
SWIFT TRANSPORTATION
COMPANY, INC. (Phoenix, Arizona);
JERRY C. MOYES, KEITH DALE
NICHOLS, EDDIE LEE TIGGS, UNITED
STATES OF AMERICA, and its agency,
the CENTRAL INTELLIGENCE
AGENCY,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## BARRING PLAINTIFF FROM FURTHER FILING

**THIS MATTER** comes before the Court for consideration of Objections to Proposed Order for Sanctions (Docket No. 43). The Court, having reviewed Plaintiffs' objections and the Defendants' responses thereto, finds Plaintiffs' arguments to be without merit. Accordingly, Plaintiffs' objections are **overruled** and the sanctions set forth in this Court's Memorandum Opinion

and Order filed on December 30, 1998 (Docket 41) shall take effect on the date that this Order is entered by the Court.

**Discussion**

The December 30, 1998 Memorandum Opinion and Order mentioned above proposed to impose filing restrictions on Plaintiffs, subject to their right to object within ten days. Twelve days later, Plaintiffs filed their Objections to Proposed Order for Sanctions (Docket No. 43). The Court has considered Plaintiffs' objections, despite the fact that they were not timely filed.

The right of access to the courts is neither absolute nor unconditional, *In re Green*, 669 F.2d 779, 781-85 (D.C.Cir. 1981), and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.), *cert. denied,* 450 U.S. 985 (1981).

The basis for this Court's conclusion of abuse of process by Plaintiffs involved the filing of substantially the same complaint that Judge Campos had already concluded could not survive either a motion to dismiss or a motion for summary judgment and that the filing of such a complaint would be futile. It was the conclusion of this Court that, to circumvent Judge Campos' ruling on the merits of their proposed amended complaint, the Plaintiffs simply filed virtually the same complaint under a new docket number, and that such an action constituted a frivolous and vexatious tactic. *Mem. Op. and Order* at 2. In other words, litigiousness alone was not the basis for these proposed filing restrictions, contrary to Plaintiffs' second objection. Rather it was the abusive, vexatious and frivolous nature of the filing of this second complaint that was the basis for this Court's action.

The Plaintiffs' initial objection is that Judge Campos dismissed their Complaint without

2

prejudice and that in the instant litigation they corrected deficiencies noted by Judge Campos in their previously proposed Amended Complaint. They argue that accordingly the filing of this second lawsuit was not inappropriate. Specifically, they argue that Judge Campos found deficiencies in that the allegations of fraudulent concealment and continuing tortious acts were not stated with sufficient specificity. Judge Campos ruled that the Plaintiffs' proposed claims against the United States "could not survive either a motion to dismiss or a motion for summary judgment" and therefore this amendment of the Complaint "would be futile. *Levy v. Swift Transportation Company, Inc., et al.*, No. 97CV777 (D.N.M. April 28, 1998) at 11.

In fact, this Court analyzed these claims, again finding them to be inadequate. *See Mem. Op. and Order* (Docket No. 40). As this Court noted in that Opinion, this second complaint did contain more conspiracy allegations, however these allegations did not constitute a correction or a cure, in that the complaint still did not meet the legal threshold of stating a claim. In that Opinion, I concluded that it was "substantially the same as the proposed complaint that Judge Campos refused to allow Plaintiffs to file in the previous lawsuit." *Id*. at 2.

Finally, Plaintiffs indicate that they intend to pursue this matter in state court on these same claims while appealing this Court's dismissal of the complaint in this action. Plaintiffs' objections are therefore without consequence, given this statement that they do not intend to file any further actions relating to this subject matter against these defendants in this Court.

**WHEREFORE**, **IT IS HEREBY ORDERED** that Plaintiffs are absolutely barred from filing any further pleadings in this case. Furthermore, Plaintiffs are absolutely barred from filing any further cases in the United States District Court for the District of New Mexico, if they are against the named Defendants in this case and relating to the subject matter of this case. The Clerk of the

Court is hereby instructed to return any such filings, unfiled, to Plaintiffs. In short, from the date of entry of this Memorandum Opinion and Order forward, this Court will accept no further proceedings brought by Plaintiffs relating to the parties and subject matter of this case.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**